State
v.
Campbell.

—————

JONATHAN HOUGHTON, Appellant,
*against*
THOMAS JEWETT and MATHEW MARTIN,

DEPARTURE in pleading.
The plaintiff declared in debt on a bond. The defendant craved *oyer.* The penal part read is in the common form.

Departure in pleading.

### CONDITION.

" The condition of the above obligation is such, that if the above-named *Thomas Jewett* and *Mathew Martin* shall present *Joshua Wilder,* of *Wardsborough*

aforesaid, yeoman, to the next Supreme Judicial Court, to be holden at *Northampton*, in the County of *Hampshire* and Commonwealth of *Massachusetts*, then and there to answer unto a recognisance, or pay the sum of two hundred dollars, and the cost which has or may arise therefrom, then this obligation to be void and of no effect, otherwise to remain in full force and virtue."

Which being read and heard, the said *Thomas* and *Mathew* come, &c. and for plea in this behalf say, that the plaintiff from having and maintaining his action against them, ought to be barred. Because they say, that in and by the said condition then read, it appears, that the said writing obligatory was not made by the said *Thomas* and *Mathew* for a true and just debt due to the said *Jonathan*, but was executed to the said *Jonathan* in the nature of a recognisance, to compel the said *Thomas* and *Mathew* to present, meaning to surrender the body of the said *Joshua Wilder* to the then next Supreme Judicial Court to be holden at *Northampton*, in the County of *Hampshire*, and Commonwealth of *Massachusetts*, or pay the sum of two hundred dollars and all costs. That by the law of the land no person in his individual capacity ought or can have a right to take bonds, writings obligatory, or recognisances, to compel any person whatsoever to surrender or present himself before any Court to answer recognisances, or pay the sum of two hundred dollars and the costs; and forasmuch as it appears, from the condition of said writing obligatory, that the same was made and taken against law and right, and to compel the said *Thomas* and *Mathew* to do that which the law would not warrant them to do, and that the same is contra-

dictory and uncertain. All which, &c. Wherefore they pray judgment, and for their costs.

### REPLICATION.

And now the plaintiff, in reply to the defendants' plea in bar, pleads and says, that by the defendants' plea in bar, and any matters therein contained, from further having and maintaining his action aforesaid, he ought not to be barred. Because he saith, that though true it is that no person in his individual capacity ought or can have a right to take bonds or writings obligatory, or recognisances to compel any person whatsoever to surrender or present himself before any Court to answer recognisances, or pay the sum of two hundred dollars and costs, yet that the bond exhibited in *oyer* to the defendants, was not taken, executed, or delivered by the defendants to the plaintiff for any such unlawful purposes; but in truth and in fact, a long time before the execution and delivery of the aforesaid bond, to wit, on the 5th day of *October*, in the year of our Lord 1795, the plaintiff appeared before *Ebenezer Mattoon*, junior, and *Elisha Root*, Esquires, two of the Justices of the Peace within and for the County of *Hampshire*, and Commonwealth of *Massachusetts*, and acknowledged himself indebted to said Commonwealth in the sum of two hundred dollars, to be levied on his goods or chattels, lands or tenements, and in want thereof, on his body, to the use of the said Commonwealth, if *Joshua Wilder*, of *Wardsborough*, in the State of *Vermont*, being the same *Joshua Wilder* mentioned and intended in the aforesaid bond, did not personally appear before the Justices of the Supreme Judicial Court then next to be holden at

*Northampton*, within and for the County of *Hamp-shire* aforesaid, on the last *Tuesday* of *April* then next, to answer to all such matters and things as should be then objected against the said *Joshua*, on behalf of the said Commonwealth, more especially for uttering counterfeited coin; and the plaintiff further saith, that having so recognised and bound himself for the personal appearance of the said *Wilder*, before the Court aforesaid, as bail to the said *Wilder* by the recognisance aforesaid, and having entered into the said recognisance at the special instance and request of the said *Wilder*, he had at all times good right and lawful authority to arrest the body of the said *Wilder*, and hold the same in his custody, so that he might compel him to make his personal appearance at the said Supreme Judicial Court to save his bail harmless from the penalty of the recognisance aforesaid; and the plaintiff further saith, that the said *Joshua Wilder*, having eloigned and escaped from the Commonwealth of *Massachusetts*, and fled into the north district of the town of *Wardsborough*, in the County of *Windham* and State of *Vermont*, the plaintiff, in his capacity of bail as aforesaid, on his recognisance aforesaid, did pursue and take the body of the said *Wilder*, on the 15th day of *February*, A. D. 1796, and so having lien upon the body of the said *Wilder*, that he should either go with him the plaintiff, and suffer himself to be delivered up to the said Supreme Judicial Court, according to the true intent and meaning of the said recognisance, or otherwise to obtain sufficient security to save the plaintiff harmless from the penalty of such recognisance, at the instigation of the said *Wilder*, the said *Mathew* and *Thomas*, on the same day, well knowing the pre-

Houghton
v.
Jewett and
Martin.

mises, by their own voluntary act and deed made and executed the bond exhibited in *oyer* as aforesaid, as a counter security to save the plaintiff harmless from the penalty of the recognisance aforesaid, and was not executed to the plaintiff, as the defendants have averred in their plea in bar as aforesaid, in the nature of a recognisance to compel the said *Mathew* and *Thomas* to surrender or present the body of the said *Joshua Wilder* at the Supreme Court aforesaid, which counter security the plaintiff by the laws of the land was authorized to take and receive of the defendants. And the plaintiff further avers, that the said *Joshua Wilder* did not make his personal appearance before the said Supreme Judicial Court; and the plaintiff, relying on the bond aforesaid, did not bring the said *Wilder* into said Court, but that he the plaintiff, being thrice solemnly called in said Court to bring said *Joshua Wilder* into Court, for whom he was bail as aforesaid, and save himself harmless thereof, made default, by the reason of which the sum of two hundred dollars became forfeited and to be paid by the said *Jonathan* to the said Commonwealth. And the said *Jonathan* further saith, that a writ of *scire facias* was issued on behalf of the said Commonwealth on the 30th day of *December*, A. D. 1796, citing the said *Jonathan* to appear at the said Supreme Judicial Court holden at *Northampton*, in and for the County of *Hampshire* aforesaid, on the last *Tuesday* of *April*, A. D. 1797, and to show cause, if any he had, why he should not pay and render the said sum of two hun-dred dollars to the Commonwealth aforesaid, with additional costs; at which term of the said Supreme Judicial Court, the plaintiff, relying upon the bond aforesaid, did not deliver up said

*Wilder* into Court, but thereof made default. And the plaintiff further saith, that the said action of *scire facias* being by order of said Supreme Judicial Court, continued to the then next term of said Court, holding at *Northampton*, within and for the County of *Hampshire* aforesaid, for the advice and consideration of said Court, in rendering up judgment in damages upon the default aforesaid in the action aforesaid, at said term of said Supreme Judicial Court, said Supreme Court did render judgment against the plaintiff in the sum of two hundred dollars damage, upon said default, and the further sum of ten dollars and eighty-four cents, costs of suit in said action of *scire facias.* And so the plaintiff saith, that by any thing in the defendants' plea above pleaded, the plaintiff ought not to be barred, because he says, as aforesaid, that the said bond exhibited in *oyer* was by the defendants knowingly and understandingly made and executed as a counter security to save the plaintiff harmless from the penalty of the recognisance as aforesaid, without that the said bond was made and executed to the said *Jonathan* in nature of a recognisance to compel the said *Thomas* and *Mathew* to present, meaning to surrender the body of the said *Joshua Wilder* to the then next Supreme Judicial Court as aforesaid, or to pay the sum of two hundred dollars and costs. All which records and proceedings of the said Supreme Judicial Court, and of the said Justices of the Peace, the plaintiff has here in Court ready to be produced, as the Court shall direct, and all which facts he is ready to verify. Wherefore he prays judgment of this Honourable Court, that by the defendants' plea in bar, and any thing therein contained, he ought not to be barred, and for his costs.

To this plea the defendants demurred specially, and took several exceptions; but that principally relied upon is,

Because the plaintiff's replication to the plea of the said *Mathew* and *Thomas* in bar contains matters and things foreign to the plaintiff's declaration, and is a manifest departure therefrom.

In support of the demurrer it was contended,

" That the replication must not vary from the declaration, but must pursue and maintain the cause of the plaintiff's action, otherwise it will be a departure in pleading, a going to another matter, a saying and unsaying, which the law will not allow." 1 *Inst.* 304.

That the plaintiff having declared only on the penal part of the bond, the condition read in *oyer* must be considered as part of the declaration.

That he has therefore in effect declared upon a bond executed by the defendants, conditioned that the defendants should present, meaning surrender, one *Joshua Wilder* to a Supreme Judicial Court, to answer to a recognisance, or pay two hundred dollars and costs.

The defendants have pleaded in bar, that such bond is illegal.

The plaintiff, confessing bonds of this nature to be illegal, replies in substance, that he himself had entered into a recognisance before two Justices of the Peace for the personal appearance of *Wilder* before the Judicial Court, in the sum of two hundred dollars. That *Wilder* escaped into this State. That he pursued him and had a lien upon his body. That the defendants voluntarily executed the bond, being conusant of the premises. That he, relying upon

the bond, neglected to deliver *Wilder* in Court. That the recognisance has since been estreated, and additional costs taxed on *scire facias;* and therefore, that this is not a bond of recognisance, but a bond of indemnity.

The question therefore is, does this statement fortify the plaintiff's declaration? Does it not, in the language of the authority cited, unsay what the plaintiff had said in his declaration? The bond declared upon is a bond of recognisance. The bond insisted upon in the plea is a bond of indemnity.

As analogous cases, the defendants' counsel cited 2 Ld. *Raym. Rep.* p. 1449. *Walter White* v. *William Cleaver.* 1 *Saund.* 116. *Cutler* v. *Southern and others.* 2 *Saund.* p. 83. *Richards et al.* v. *Hodges.* Ib. p. 188. *Roberts* v. *Merrick.* 1 *Wils.* p. 122. *Harding* v. *Holmes.* Ib. p. 334. *Elliot* v. *Lane.* 2 *Wils.* p. 3. *Scott* v. *Dixon et al.* Ib. p. 96. *Palmer* v. *Stone and another.*

In support of the plea it was urged,

*Bac Abr.* vol. 5.
p. 449. Note
under (L.)
Departure in
pleading.

" That where a man pleads any thing which he could not have shown at first, it shall never be reckoned a departure."

That the plaintiff had well declared upon the penal part of the bond, that he had shown the condition in *oyer.* That it was excepted in bar by the defendants, that the bond is illegal, and the reason why so set forth; and that the plaintiff had replied that it was not illegal, and shown wherein. That the whole point, whether the bond be illegal or not, turns upon the question, whether it was taken as a bond of recognisance or indemnity. That a traverse might have been taken, and an issue carved to the Jury,

which would have been a proper issue under the declaration as extended by the *oyer*. That the replication was therefore no departure from, but in fact fortified the declaration, showing that the plaintiff had a good cause of action, which had been negated by the plea in bar. That it did not gainsay the declaration, but merely combated the intent of the obligation declared upon, which had been obtruded upon it by the defendants' plea; and this was matter he could not have shown at first.

As illustrative, the plaintiff's counsel cited 1 Lord *Raym.* p. 120. *Serle* v. *Darford.* 2 *Wils.* p. 8. *Long* v. *Jackson.*

Judgment for defendants.*

*Samuel Porter*, for plaintiff.

*Stephen R. Bradley* and *Calvin Knowlton*, for defendants.

---

\* TYLER, Assistant Judge, did not sit in this cause, having been of counsel for the plaintiff.